IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ASHTON OMARION JOHNSON                                                    PLAINTIFF

v.                                        Civil No. 1:23-CV-01087-SOH-BAB

MAYOR PARNELL VANN, City of
Magnolia, Arkansas; SHERIFF LEROY
MARTIN; Columbia County, Arkansas;
CHIEF DEPUTY JERRY MANESS; and
JAIL ADMINISTRATOR GEAN SIEGER;

                                                                        DEFENDANTS

**<u>ORDER</u>**

Plaintiff Ashton Omarion Johnson, a pretrial detainee at the Columbia County Detention

Center (CCDC), in Magnolia, Arkansas, filed the above-captioned civil rights action pursuant to

42 U.S.C. § 1983.  The Parties have consented to the jurisdiction of a magistrate judge to conduct

all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  (ECF No. 22).  Thus, this matter is currently before

the Court for preservice review pursuant to the Prison Litigation Reform Act ("PLRA").  Upon

that review and for the reasons outlined below, Plaintiff's claims against Defendant Mayor Vann

are dismissed and the official capacity claims against Defendants Sheriff Leroy Martin, Chief

Deputy Jerry Maness, Jail Administrator Gean Sieger, and John Doe Deputies #1 and #2 are

likewise dismissed.[1]

---

[1] On October 16, 2023, the undersigned entered a report and recommendation upon preservice
view of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a). (ECF No. 16).  Shortly thereafter,
the parties consented to the jurisdiction of the United States Magistrate Judge before the District
Court Judge ruled on the report and recommendation.   (ECF No. 22).   That report and
recommendation to the District Judge is therefore now moot.

## BACKGROUND

Plaintiff claims that on June 19, 2023, he was in Pod #3 at the Columbia County Detention Center (CCDC) when he woke up from sleeping to a room filled with fire and smoke.  According to Plaintiff, he could not breathe, and he thought he was going to die.  Plaintiff contends that neither the smoke alarms nor the sprinklers were working to alert people of the fire or to put it out.  Plaintiff says that after the fire, his chest hurt, and he experienced dizziness and shortness of breath.  According to Plaintiff, he was taken to the Magnolia Regional Hospital and spent the night in the jail in Lewisville,[2] Arkansas.

Plaintiff contends that when he returned to the CCDC the next day, he was told that he was going to be placed in isolation.  When he asked to speak to someone in charge, the deputy shot him with a pepper gun almost point-blank in the face while he was handcuffed.   According to Plaintiff, he was placed in isolation for more than 40 days without cause.

Plaintiff requests compensatory and punitive damages. He sues the defendants in their individual and official capacities.

## LEGAL STANDARD

Under PLRA, the Court must review a case initiated by a prisoner prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it

---

[2] Plaintiff referred to the "Louisville Arkansas Jail" in his complaint. (ECF No. 1, p. 5).  As there exists no Louisville, Arkansas, the Court assumes Plaintiff refers to Lewisville, Arkansas, which is located in an adjoining county to Columbia County.

does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).   However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law."  *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006).  Further, "[p]ublic servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997)).  Here, Plaintiff names the defendants in their official and individual capacity as to all his claims.

## A.      Individual Capacity Claims

"Suits against officials in their individual capacity seek to impose personal liability upon a government official for actions he takes under color of state law."  *Handt v. Lynch*, 681 F.3d 939, 943 (8th Cir. 2012) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).  To establish liability against officials in their individual capacity, "the plaintiff must show that the official, acting under color of state law caused the deprivation of a federal right."  *Id.* at 943 (citing *Graham*, 473 U.S. at 166) (emphasis added); *see also Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of

rights.").  Put another way, it is not enough for a plaintiff seeking relief from a defendant in the defendant's individual capacity to allege that his rights were violated; the plaintiff must instead allege that his rights were violated *by the defendant*.

In this case, as the Court understands, Plaintiff alleges that an unknown official—styled here as John Doe Deputy #1—put him in isolation when he returned to the CCDC from the jail in Lewisville, Arkansas and that another unknown official—styled here as John Doe Deputy #2—pepper sprayed him in the face without cause.  For the limited purpose of preservice screening under 28 U.S.C. § 1915A(a), the Court finds that Plaintiff has established a plausible due process claim against John Doe Deputy #1 and a plausible excessive force claim against John Doe Deputy #2.[3]

Further, as the Court understands it, Plaintiff alleges that the operators of the jail—Defendants Martin, Maness, and Sieger failed to properly maintain the smoke alarms and water sprinklers at the CCDC, which is why they were not working when a fire broke out at the jail on June 19, 2023.  For the limited purposes of preservice screening under 28 U.S.C. § 1915A(a), the Court finds that Plaintiff has established a plausible conditions-of-confinement claim against these defendants in their individual capacities.

This leaves Defendant Vann, the Mayor of Magnolia.  Plaintiff fails to establish *any* particularized facts identifying what the Mayor of Magnolia did (or did not) do in violation of Plaintiff's constitutional rights.  To the extent that Plaintiff endeavors to establish liability against Defendant Vann in his individual capacity as a supervisor, Defendant Vann cannot be liable for

---

[3] Plaintiff later identified John Doe Deputy #1 and John Doe Deputy #2 as Deputy Mallory Waller and Sergeant Jerry Reich.  (ECF No. 30).  This Court subsequently directed the clerk to terminate John Doe Deputy #1 and John Doe Deputy #2 and to add Defendants Waller and Reich as defendants to this action.  (ECF No. 31).

the torts of his subordinates merely because he is the mayor. *See Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir. 2012). Instead, to establish a claim against Defendant Vann in his individual capacity as a supervisor, Plaintiff must establish that "(1) he had notice of a pattern of unconstitutional acts committed by his subordinates; (2) was deliberately indifferent to or tacitly authorized those acts; and (3) failed to take sufficient remedial action; (4) proximately causing the injury to [Plaintiff]." *Id.* (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996)) (internal quotations omitted)). To show "deliberate indifference or tacit authorization, [Plaintiff] must allege and ultimately prove that [the defendant] had notice that the training procedures and supervision were inadequate and likely to result in the constitutional violation." *Id.* at 355-56. But, in this case, there are no allegations that Defendant Vann was on notice of the conditions of confinement at the jail, for example, and was deliberately indifferent to those conditions.

Accordingly, Plaintiff's individual capacity claims against Defendant Vann are dismissed.

## B.     Official Capacity Claims

Turning now to Plaintiff's claims against the defendants in their official capacities, "[a] suit against a government official in his or her official capacity is another way of pleading an action against an entity of which an officer is an agent." *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978)). Put differently, "the real party in interest in an official-capacity suit is the governmental entity and not the named official." *Baker*, 501 F.3d at 925 (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Under § 1983, a municipality cannot be held liable "solely because it employs a tortfeasor." *Bolderson v. City of Wentzville*, 840 F.3d 982, 985 (8th Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Rather, "[l]iability for a constitutional violation will attach to a municipality only if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately

indifferent failure to train or supervise an official or employee." *Id.* at 985 (*citing Atkinson v. Cty. of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013)). "An action can constitute official municipal policy only if the decisionmaker in question possesses final authority to establish municipal policy with respect to the action ordered." *Id.* (citing *Hess v. Ables*, 714 F.3d 1048, 1054 (8th Cir. 2013)). To trigger municipal liability based on custom, "the custom must be so pervasive among non-policymaking employees of the municipality that it effectively has the force of law." *Id.* at 986 (*Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998)). The custom "must be demonstrated by a continuing, widespread, and persistent pattern of unconstitutional misconduct." *Id.*

In this case, as Mayor of Magnolia, Arkansas, an official capacity claim against Defendant Vann is the same as a claim against the City of Magnolia. But Plaintiff has failed to establish any facts suggesting that the conditions of confinement at the CCDC—or any of his other claims stemming from the CCDC—are the result of an unconstitutional custom or policy of the City of Magnolia, Arkansas. Accordingly, Plaintiff's official capacity claim against Defendant Vann is also dismissed. Similarly, with respect to the official capacity claims against the remaining Defendants, as agents of Columbia County, these claims are claims against Columbia County itself. But, here, again, Plaintiff fails to establish any facts suggesting the failure to maintain the sprinkler/fire alarm system is the result of Columbia County custom or policy or that he was placed on lockdown and pepper sprayed without cause as a result of Columbia County custom or policy. Consequently, the official capacity claims against Defendants Martin, Maness, Sieger, and John Doe Deputies #1 and #2, are likewise dismissed.

## ORDER

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court hereby ORDERS that:

(1) All individual and official capacity claims against Defendant Vann are **DISMISSED WITHOUT PREJUDICE**;

(2) Defendant Vann is hereby **TERMINATED** from this action;

(3) All official capacity claims against Sheriff Leroy Martin, Chief Deputy Jerry Maness, Jail Administrator Gean Sieger, and John Doe Deputies #1 and #2 (later identified as Defendants Waller and Reich) are **DISMISSED WITHOUT PREJUDICE**; and

(4)  All remaining claims shall proceed.

**DATED** this 7th day of June 2024.

/s/  Barry A. Bryant
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

7