IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ASHTON OMARION JOHNSON                                                                    PLAINTIFF

v.                                      Civil No. 1:23-CV-01087-BAB

SHERIFF LEROY MARTIN; Columbia
County, Arkansas; CHIEF DEPUTY JERRY
MANESS; JAIL ADMINISTRATOR GEAN
SIEGER; DEPUTY MALLORY WALLER;
and SERGEANT JERRY REICH,                                                                 DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff Ashton Omarion Johnson has initiated a civil rights complaint pursuant to 42 U.S.C. § 1983 generally alleging that officials violated his constitutional rights while he was incarcerated at the Columbia County Detention Center ("CCDC"). (ECF No. 1). The Parties have consented to the jurisdiction of a magistrate judge to conduct all proceedings in this case, including presiding over any trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 22). This matter is currently before the Court on Plaintiff's failure to comply with court orders and failure to prosecute his case.

## BACKGROUND

On August 22, 2023, Plaintiff filed a complaint asserting three claims for relief. (ECF No. 1). First, Plaintiff claims that on June 19, 2023, there was a fire at the jail, but the sprinkler system and smoke detector systems malfunctioned, violating fire-safety regulations. Plaintiff suffered physical injuries from the fire, including shortness of breath, chest pains, and dizziness. Plaintiff identified Mayor Parnell Vann of Magnolia, Arkansas, Sheriff Leroy Martin, Chief Deputy Jerry Maness, and Jail Administrator Gean Sieger as defendants to this claim. Second, Plaintiff says that when he was transported back to the CCDC after the fire, he was "shot with a

1

JPX at almost point-blank range in the face while [] handcuffed," causing him physical injuries and pain and suffering. *Id.*, p. 8. Third, Plaintiff says that after the fire he was placed in isolation for forty days without justification. *Id.*, p. 6.

Upon preservice review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a), this Court dismissed the individual and official capacity claims against Defendant Vann and the official capacity claims against the remaining defendants. (ECF No. 47). The Court ordered service on Defendants Jerry Maness, Leroy Martin, and Gean Sieger. (ECF No. 17). That order also directed them to identify the John Doe deputies who purportedly shot Plaintiff at point-blank range with a JPX and the John Doe deputy who allegedly placed Plaintiff in isolation without justification. (ECF No. 17). When Defendants Maness, Martin, and Sieger filed their Answer but failed to provide the required information, this Court ordered the Defendants to show cause why they should not be found in contempt for failing to comply with an order of the court. (ECF No. 21). Defendants timely responded to the Court's show cause order. (ECF No. 23). Ultimately, Plaintiff identified the John Doe deputies as Deputy Mallory Waller and Sgt. Jerry Reich. (ECF No. 30).

This Court then ordered that the John Doe Deputies be terminated as defendants to this action and that Deputy Mallory Waller and Sgt. Jerry Reich be added as defendants. (ECF No. 31). This Court further ordered that Defendants Waller and Reich be served with the Complaint. *Id.* When they filed their Answer, this Court ordered Defendants to either file a motion for summary judgment asserting that Plaintiff failed to first exhaust his administrative remedies in accordance with 42 U.S.C. § 1997e(a) by March 28, 2024, or promptly file a notice informing the Court and parties that they did not intend to pursue failure to exhaust as an affirmative defense at trial. (ECF No. 34). Defendants subsequently filed a Motion for Partial Summary Judgment for

2

Failure to Exhaust Administrative Remedies, and a memorandum and statement of facts in support, claiming that Plaintiff failed to first exhaust his administrative remedies with respect to claims two (claiming that he was pepper sprayed without justification) and three (alleging that he was placed in isolation without justification for forty days). (ECF Nos. 37-39).

Plaintiff filed a response asserting that he exhausted the administrative remedies that were available to him. (ECF No. 42). Defendants filed a reply, arguing that the CCDC grievance procedure was available to him, he simply did not avail himself to it with respect to claims two and three. (ECF No. 45). Upon consideration of Defendants' motion, this Court ordered that Plaintiff's claim that he was placed in lockdown following the fire without justification (claim three) be dismissed without prejudice for failure to properly exhaust the administrative remedies available to him. (ECF No. 48). This Court then entered an initial scheduling order governing discovery and directing parties to submit a motion for summary judgment on the merits with respect to the remaining claims—claims one (Plaintiff's claim alleging unconstitutional conditions of confinement stemming from the June 19, 2023, fire at the CCDC) and claim two (Plaintiff's claim that following the fire, excessive force was used against him)—by March 17, 2025. (ECF No. 49)

Plaintiff subsequently submitted a notice of change of address. On November 27, 2024, Defendants filed a notice detailing the discovery that they produced to Plaintiff. (ECF No. 51). On March 12, 2025, Defendants requested (and received) an extension of time to submit a motion for summary judgment. (ECF Nos. 52-53). The deadline to submit a motion for summary judgment was extended to May 2, 2025. (ECF No. 53). On March 24, 2025, Plaintiff's mail was returned as undeliverable, including the Court's Order granting Defendants' motion for an

3

extension of time. (ECF No. 54). That mail was then resent to the Delta Regional Unit. (ECF No. 54). It has not been returned as undeliverable from this address.

On May 2, 2025, Defendants submitted a Motion for Summary Judgment, including a memorandum and statement of facts in support. (ECF No. 55-57). That same day, this Court entered an order directing Plaintiff to respond to Defendants' motion by May 23, 2025, failing which this matter would be subject to dismissal for failure to prosecute and failure to comply with court orders, and providing instructions on how to respond. (ECF No. 58). This Order has not been returned as undeliverable. On May 29, 2025, this Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to prosecute because he had not submitted a response to the Defendants' Motion for Summary Judgment, as ordered, by May 23, 2025. (ECF No. 59). The order to show cause deadline was June 20, 2025. *Id.* This Order was not returned as undeliverable, either. The order to show cause deadline has now also passed and Plaintiff has neither responded nor communicated with this Court in any way since he submitted a notice of change of address with the Court almost seven months ago.

## LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Further, pursuant to Federal Rule of Civil Procedure 41(b), the district court has discretion to dismiss an action for "failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order." *See* Fed. R. Civ. P. 41(b); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam).

## ANALYSIS

Here, Plaintiff has failed to comply with two court orders—the order directing him to respond to Defendants' Motion for Summary Judgment, (ECF No. 58), and the order to show cause, (ECF No. 59). Although neither order was returned as undeliverable, Plaintiff has not responded to Defendants' Motion for Summary Judgment, nor communicated with this Court in any way. This matter is therefore subject to dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court orders.

A dismissal pursuant to Rule 41(b), moreover, operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986). "At the same time, however, 'dismissal with prejudice under Rule 41(b) is a drastic sanction which should be exercised sparingly.'" *Id.* (quoting *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)). "The district court's exercise of this power is within the permissible range of its discretion if there has been a clear record of delay or contumacious conduct by the plaintiff." *Id.* (internal citation and quotations omitted). In considering a Rule 41(b) dismissal, the Court must balance "the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court." *Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In reviewing a dismissal with prejudice, the Eighth Circuit considers "whether in the particular circumstances of the case, the needs of the

court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court." *Id.* "However, the district court need not have found that [the plaintiff] acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily." *Id.*

The Court order directing Plaintiff to respond to Defendants' Motion for Summary Judgment and the show cause order have not been returned as undeliverable, suggesting that Plaintiff has received these orders and has simply not responded to them. Further, as noted above, Plaintiff has failed to communicate with the Court in any way about his case for seven months and, most recently, has failed to respond to two court orders. The Court also recognizes that the Defendants have expended resources conducting discovery and preparing a motion for summary judgment—first on the issue of exhaustion and now on the merits. On this record, therefore, the Court finds that Plaintiff's failure to comply with court orders was intentional, as opposed to accidental or involuntary, and that his failure to respond to two court orders or to communicate with this Court for seven months, combined with the resources expended by the Defendants (and also this Court), warrant this case being dismissed with prejudice. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE.**

## CONCLUSION

In sum and for all the reasons outlined above, this matter is **DISMISSED WITH PREJUDICE** for failure to comply with court orders and failure to prosecute this case pursuant to Fed. R. Civ. P. 41(b).

**DATED** this 26th day of June 2025.      /s/ *Barry A. Bryant*
　　　　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE